(105 So. 441)

No. 27248.

SHAUTIN et al. v. BOARD OF COM'RS OF ST. LANDRY–ST. MARTIN GRAVITY DRAINAGE DIST. NO. 1.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

**Drains** ⬥18—Election authorizing bond issue for drainage district covering two parishes invalid for failure of majority in amount of property voted.

Where drainage district embraced territory in two parishes, and voting on bond issue was only in one, votes cast by voters of other parish were illegal, and though bond issue had majority in a number of votes it was defeated where, had such illegal votes, which were for the bond issue, been voted in their proper parish and against the issue, the vote for the issue would have lacked majority in amount of property voted.

O'Niell, C. J., dissenting.

Appeal from Sixteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Suit by Andrew Shautin and others against the Board of Commissioners of the St. Landry-St. Martin Gravity Drainage District No. 1, to annul an election authorizing a bond issue. Judgment for defendant, and plaintiffs appeal. Reversed and rendered.

John W. Lewis and Gilbert L. Dupre, both of Opelousas, for appellants.

Emile Vuillemot, of New Iberia (Milling, Godchaux, Saal & Milling, of New Orleans, of counsel), for appellee.

ST. PAUL, J. The defendant was created in accordance with the provisions of Act 238 of 1924, p. 543. As shown by the title the district covers lands in two parishes.

In due course it submitted to the taxpayers, qualified voters, a proposition to issue bonds and levy taxes to pay the same; but in ordering the election therefor, it provided for only *one* polling booth, to wit, in the parish of St. Martin. On the face of the returns the election resulted favorably to the bond issue.

I.

Within the 60 days allowed by the Constitution, Andrew Shautin and 66 other qualified electors of the parish of St. Landry, residing within the district and owning property therein (and also 48 taxpayers, not electors) brought this suit to annul the election under the doctrine laid down in Milton v. Lincoln Parish School Board, 152 La. 761, 94 So. 386, that:

"Where there was only one voting precinct in a school district embracing territory lying in two parishes, and voters from one parish went to the precinct in the other parish and voted at a bond election, their votes were improperly counted."

And also under the doctrine laid down in Whatley v. La Salle Parish School Board, 155 La. 797, 99 So. 603, that:

"Where, in a suit to set aside a school tax election on the ground that no election was held in one of the voting precincts, the evidence showed that the number of voters and the amount deprived of the right to vote was sufficient to overcome the number of voters and amount of taxes carried at the other precinct, the tax was a nullity."

II.

The case is submitted on the following agreed statement of facts, to wit:

"That at said election 260 persons voted *for* the proposition submitted, and 3 *against*; that the property valuation of those voting *for* amounted to $178,763, and that of those voting *against* aggregated $460.

"That 36 voters, voting $52,816 of property valuation, residing in St. Landry parish within the confines of the drainage district, voted at said election.

"That there were in the confines of the district, residing in St. Landry parish, 60 additional voters with a property valuation of $82,033, who could have voted at said election but did not."

III.

(1) On the face of the returns there was, therefore, a majority of 257 in numbers and

$178,303 in amount *in favor of* the bond issue.

(2) But of this majority, 36 votes and $52,-816 were cast by voters residing in St. Landry parish, who had no right to vote in St. Martin parish. And deducting these, we find a net majority of 221 votes and $125,847 legally cast in St. Martin parish *for* the bond issue.

(3) On the other hand, there were, in St. Landry parish, the 36 voters and $52,816, who *did* vote illegally in St. Martin parish, and 60 *additional* voters and $82,033 who did not vote at all; making therefore 96 voters and $134,849 in St. Landry parish, who *might* have voted *against* the bond issue.

(4) So that it is clear that the majority for the bond issue in St. Martin parish could not possibly have been overcome as to *numbers* by the votes of St. Landry parish; but it is also *equally clear* that the majority *in amount* could have been overcome by the votes of St. Landry parish.

(5) And since an election for a bond issue, or tax, cannot be carried except by a majority in both numbers *and* amount, it follows that defendant has not shown that by no possibility could the result of the election have been changed by opening a polling precinct in St. Landry parish, as it should have done.

## IV.

Nor will it do to say that the 36 voters and $52,816 from St. Landry parish, who voted for the tax when in St. Martin parish, would *of course* have voted for it also in St. Landry parish.

The sentiment *for* the bonds was evidently overwhelming in St. Martin parish; but it is not shown that such was the sentiment in St. Landry parish (and the indications point the other way). Non constat but that these 36 voters would have voted the other way in St. Landry parish. In fact, some of them *must* be among the present plaintiffs, since, whilst *only 60 did not vote*, nevertheless full 67 voters appear as plaintiffs here. Evidently some of them must have been influenced by their friends and neighbors *since* the election, and therefore might possibly have been so influenced had their votes been cast along with the friends and neighbors instead of in an adjoining parish. At any rate, the only legal evidence of how a voter would have voted in an election is a vote actually cast by him in a legal manner at the place prescribed by law. Whatley v. La Salle Parish School Board, 155 La. 797, 99 So. 603.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the election herein complained of and all subsequent proceedings held thereunder be declared null and void and of no effect.

O'NIELL, C. J. (dissenting). According to the ruling in Milton v. Lincoln Parish School Board, 152 La. 761, 94 So. 386, the votes of the 36 taxpayers, representing an assessment of $52,816, who resided in the parish of St. Landry and voted in the parish of St. Martin, should not be counted. I respectfully dissent, therefore, from the ruling that those 36 votes should be counted as if they had been cast against the proposition to issue the bonds and levy the tax, when in fact they were cast for the proposition. I agree that the votes of the taxpayers residing in the parish of St. Landry who were qualified to vote but did not vote should be counted as if they had voted against the proposition, because there is no way of knowing how they would have voted if they had voted. But it should not be assumed that the 36 St. Landry taxpayers who voted for the proposition might have voted against it if the polling booth at which they voted had been in the parish of St. Landry.